## THE STATE OF NEW JERSEY v. HENRY BROWN.

Submitted December 9, 1899—Decided February 26, 1900.

1. Under the fiftieth section of the act for the punishment of crimes (*Revision of* 1898; *Pamph. L., p.* 807), the evidence in corroboration of that of the female prosecutrix to establish the essential elements of the offence under such section is required to be of such a character as to clearly turn the scale and overcome the denial of the defendant under oath of the promise of marriage and consequent seduction.

2. This corroborative evidence is properly producible and admissible on the part of the state in making proof against defendant of the commission of the offence, as the state can presume, under a plea of not guilty that the defendant will deny the elements of fact necessary to be established in order to convict. This evidence must be introduced as a part of the case of the state, and is not rebuttal in its character.

3. Evidence of the admission of, and acquiescence of the defendant in, the truth of the charge, his conduct and promises are evidential as corroborative proof, even though such admissions, acquiescence, conduct and promises do not take place until after the time of the alleged promise to marry, and seduction and pregnancy. The conversations of other witnesses with each other, and with the prosecutrix and defendant, and pertaining to the elements of the offence, are admissible in evidence as corroborative proof, if at the time of such conversations the prosecutrix, the defendant and witnesses were present, in the hearing of each other, and taking part in such conversations.

On error to the Essex Quarter Sessions.

Before MAGIE, CHIEF JUSTICE, and Justices DEPUE, VAN SYCKEL and LIPPINCOTT.

For the state, *Louis Hood.*

For the defendant, *Samuel F. Bigelow.*

The opinion of the court was delivered by

LIPPINCOTT, J. The statute under which the indictment was presented against the defendant, and upon which he was convicted, provides that "Any single man over the age of eighteen years, who, under the promise of marriage, shall have sexual intercourse with any single female of good repute for chastity under the age of twenty-one years, she thereby becoming pregnant, shall be guilty of a high misdemeanor, and punished accordingly; but the evidence of the female must be corroborated to the extent required in case of an indictment for perjury; and if the man offending marry the female at any time before sentence, the same shall be suspended, and he shall be discharged from custody, and if he marry the female after sentence, he shall be discharged from further imprisonment." *Pamph. L.* 1898, *p.* 807, § 50 ; *Gen. Stat., p.* 1086, § 204; *Rev.* 1876, *p.* 1295.

In this case under the proof, admitted without objection, it was established that the defendant at the time of the alleged commission of the offence charged in the indictment under this statute, was over the age of eighteen years, and the female, Mildred Booraem, with whom the alleged sexual intercourse took place, was under the age of twenty-one years. These facts are conceded. The sexual intercourse between the two is also admitted; the mere fact of pregnancy is also admitted.

The case is presented upon exceptions to the admissions of evidence, and to certain portions of the charge of the trial judge to the jury.

The first assignment of error is to the evidence of several

witnesses to conversations between them and the defendant, in the presence of Mildred Booraem, and with Mildred Booraem in the presence of the defendant, and their conversation with each other in the presence and hearing of both, subsequent to the alleged promise of marriage. Also, evidence of the admissions of the defendant, and certain of his conduct subsequent to the alleged promise of marriage, and before the birth of the child. This evidence was admitted for the purpose of the corroboration of the female prosecutrix, in her evidence that the defendant promised to marry her, and that the sexual intercourse or seduction was effected under such promise of marriage, and that the defendant was the author of her pregnancy.

The evidence consisted of conversations relating to such promise of marriage, and pregnancy, between the female prosecutrix and the defendant, and the conversations of certain witnesses in the presence of the prosecutrix and defendant, whilst they were all together on their way to the house of a minister to get married. It consisted principally of her accusations against the defendant and his admissions and promises in reply thereto. ·

It also consisted of the conduct of the defendant at the house of the minister, and the conversations there in the presence of all the parties, principally the refusal of the minister to marry them because the defendant was still under twenty-one years of age; of the defendant's promise to obtain the consent of his parents to his marriage with the prosecutrix; the conduct of the defendant after they all had left the house of the minister, and while they were all together, in relation to his willingness, and his attempt to forge a consent in writing of his parents to the marriage, and the conduct of the defendant on his return to the house of the minister, and his promises then in relation to the matter.

This testimony all relates to occurrences which took place on or about July 25th, 1898. The child was born on September 15th, 1898.

It will be noted, without going into any detail, that all

of this evidence was pertinent to two subjects of inquiry— one was whether the defendant had promised to marry the prosecutrix before he had sexual intercourse with her; and secondly, whether such sexual intercourse and pregnancy took place under and in consequence of the promise of marriage.

There was also an exception to the conversation of the defendant with the father of the prosecutrix after the birth of the child.

It is difficult to perceive upon what ground this testimony was objectionable. There is an intimation that it was because it occurred after the alleged date of the promise to marry and the beginning of pregnancy, but it can be perceived at once that evidence which tends to show by the admission or acquiescence of the defendant the truth of the accusation, is competent. So, also, is the evidence of the conduct of the defendant in his willingness to consummate marriage and his endeavors to do so. Such facts are competent at any stage of this criminal accusation up to the time of trial, upon the general question of guilt or innocence of the crime charged under this statute.

And under this statute, which requires the corroboration of the female prosecutrix of her evidence of the promise to marry and consequent seduction and pregnancy, this evidence becomes admissible, relevant and material. In most cases it is only upon evidence of this character that corroboration can be established. The promise of marriage, with intent to seduce, with consequent seduction, are not elements of proof which it could be expected to be corroborated in any other way than by the admissions—the conduct and acts of the defendant after the sexual intercourse had subsisted resulting in pregnancy. Pregnancy is most generally the first revealed fact in such cases, and, beyond the evidence of the female, the corroboration must be found in the circumstances of the character here admitted, and these are the actions and conduct of the parties after pregnancy is discovered.

The corroborative proof was required to be of such a character as to clearly turn the scale and overcome the denial

under oath of the promise of marriage and consequent seduction. *Zabriskie* v. *State*, 14 *Vroom* 640, 647. So far as the defendant was concerned, he had pleaded not guilty, and it was to be presumed that he would, under oath, deny these elements necessary to constitute the crime with which he was charged. It is not rebuttal evidence, and the state, in making out the case against him, had the right, by the proof of any material and pertinent circumstance, to corroborate the evidence of the prosecutrix to the extent required by the statute. *Id.* The admissibility of this evidence is the only question raised upon these exceptions, and there appears to be no error in its admission.

The effect and force of the evidence still remained for the jury upon proper instructions by the trial court. The question whether she was corroborated to the extent required was properly submitted to the jury.

One other assignment of error may be mentioned, and that is that the state did not introduce any evidence to show the good repute of the prosecutrix for chastity at the time of the seduction.

An examination of the evidence shows the groundlessness of this assignment of error. There was the evidence of several witnesses to the good repute of the prosecutrix for chastity, both before and at the time of the seduction, both affirmatively by those who had heard her spoken of in the community in which she lived as of good repute for chastity, as well as those who knew her and lived in her neighborhood, who had never heard anything against her reputation in this respect. Both classes of evidence were admissible upon this question, and both upon the direct and cross-examination of the witnesses it was made applicable to the time of the seduction.

Good repute for chastity is susceptible of proof in the same way as good reputation for truth and honesty. Testimony of persons from the circle in which she moves, that they had never heard her reputation called in question, would be competent evidence of the fact. *Zabriskie* v. *State*, 14 *Vroom* 644.

Her good repute for chastity became the subject of attack by witnesses produced by the defendant, and the questions whether such a reputation had been established affirmatively became a question for the jury.

The exceptions to the charge of the trial court to the jury, and the assignments of error thereon have been carefully examined, and the answer to them all is to be found in the charge.

The trial court was asked to charge that no evidence had been presented by the state, of the good repute of the prosecutrix at the time of the seduction, and that, therefore, the verdict must be for the defendant. Manifestly the court was not in error in refusing to take from the jury the question whether her repute had been established. That was for the jury to determine as matter of fact.

The court did charge the jury that this was a question of fact for them to determine, and that if they were not satisfied of the fact of her good repute for chastity at the time of the seduction, beyond a reasonable doubt, the defendant could not be convicted.

The court emphatically charged the jury that every element essential to the guilt of the defendant under the statute must be established by the evidence, beyond reasonable doubt, in order to convict him.

No error is found in the admission of evidence, or in the instructions of the court to the jury.

The judgment of the Sessions is affirmed.